UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-200

**NOT FOR PUBLICATION**

May 30, 2019

**LETTER OPINION & ORDER**

<u>VIA CM/ECF</u>
All counsel of record

Re:   *Catalyst Dynamic Alpha Fund, et al. v. Valeant Pharmaceuticals International, Inc., et al.*,
      No. 18-12673 (MAS) (LHG)

Dear Counsel:

This matter comes before the Court upon Defendants Valeant Pharmaceuticals International, Inc., n/k/a Bausch Health Companies Inc. ("Valeant"), J. Michael Pearson, Howard B. Schiller, Robert L. Rosiello and Tanya Carro's (collectively, "Individual Defendants")[1] Motion to Dismiss Plaintiffs' complaint. (ECF No. 26.) Plaintiffs Catalyst Dynamic Alpha Fund, Catalyst Insider Buying Fund and Catalyst Insider Long/Short Fund (collectively, "Plaintiffs") opposed (ECF No. 30), and Defendants replied (ECF No. 31). The Court has carefully considered the parties' submissions and decides the motion without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendants' Motion to Dismiss is granted.

**I.    BACKGROUND**[2]

In memorandum opinions issued in other matters, the Court previously summarized many of the factual allegations at issue in this matter and the Court assumes the parties' familiarity with those allegations. *See e.g., In re Valeant Pharm. Int'l, Inc. Sec. Litig.* (*In re Valeant*), No. 15-7658, 2017 WL 1658822 (D.N.J. Apr. 28, 2017), *reconsideration denied*, No. 15-7658, 2017 WL 3880657 (D.N.J. Sept. 5, 2017). The Court, accordingly, only recounts the factual background and procedural history necessary to decide the instant motion.

On October 22, 2015, Laura Potter brought a putative class action on "behalf of all persons who purchased or otherwise acquired Valeant stock between February 23, 2015 and October 20, 2015, inclusive . . . , against Valeant and certain of its officers and/or directors for violations of the Securities Exchange Act of 1934 . . . ." *In re Valeant Pharmaceuticals International, Inc. Securities Litigation* (*Valeant Class Action*), No. 15-7658 (D.N.J.), Compl. ¶ 1, ECF No. 1. On May 31, 2016, the Court consolidated Ms. Potter's action with several other actions, and pursuant to the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4, the Court appointed Lead Counsel and a Lead Plaintiff in the consolidated action. *Valeant Class Action*, Order 3, ECF

---

[1] The Court refers to Valeant and Individual Defendants collectively as "Defendants".

[2] For the purpose of deciding the instant motion, the Court accepts all factual allegations in the Complaint as true. See *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

No. 67. The Court also ordered that any subsequent actions "filed in, or transferred to, this District shall be consolidated into this action[,]" even if the Court did not issue an order to the same effect. *Id.*

On June 24, 2016, Lead Plaintiff and Named Plaintiff filed a Consolidated Class Complaint (the "Class Complaint"). *Valeant Class Action*, Consol. Compl., ECF No. 80. On April 28, 2017, the Court decided six motions to dismiss filed by various groups of defendants in the *Valeant Class Action*. *See In re Valeant*, 2017 WL 1658822, at *1. On September 9, 2018, Lead Plaintiff and Lead Counsel filed the First Amended Class Complaint ("FAC") naming additional defendants and bringing additional claims. *Valeant Class Action*, First Am. Consolidated Compl., ECF No. 352.

In the instant matter, Plaintiffs are funds offered by Mutual Fund Series Trust, an open-end management investment company. (Compl. ¶ 18, ECF No. 1.) Plaintiffs purchased Valeant common stock between August 14, 2013 and July 2015. (*Id.* ¶ 19.) Plaintiffs allege "a massive, fraudulent scheme perpetrated by Valeant, its senior executives and those working in concert with them to artificially inflate the price of Valeant's securities through a clandestine pharmacy network, deceptive pricing and reimbursement, and fictitious accounting." (*Id.* ¶ 1.)

Plaintiffs filed the instant action on August 10, 2018. (*See id.*) Plaintiffs' Complaint is similar to the Class Complaint in that it alleges the same scheme and similar causes of action. Notably, Plaintiffs identify the same material misrepresentations and omissions identified in the Class Complaint. (*Compare* Compl. ¶¶ 130-270, *with Class Compl.* ¶¶ 133-228.) Plaintiff brings four counts against all Defendants: Count I – Racketeering in Violation of N.J.S.A. 2C:41-2(c); Count II – Racketeering in Violation of N.J.S.A. 2C:41-2(d); Count III – Aiding and Abetting Racketeering in Violation of N.J.S.A. 2C:41-2(c), (d); Count IV – Violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10(b)(5). Count V – Violations of Section 20(a) – is asserted only against the Individual Defendants.

On October 22, 2018, Defendants moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss all of Plaintiffs' claims with prejudice.[3] (Defs.' Mot. to Dismiss, ECF No. 26.) On December 4, 2018, Plaintiffs opposed. (Pls.' Opp'n Br., ECF No. 30.) On December 21, 2018, Defendants replied. (Defs.' Reply Br., ECF No. 31.)

## II.  **LEGAL STANDARD**

A district court must conduct a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). The Court must take note of the elements a plaintiff must plead to state a claim; review the complaint to strike conclusory allegations; and accept as true all of the plaintiff's well-pled factual allegations while "constru[ing] the complaint in the light most favorable to the plaintiff." *Id.*; *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The Court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678).

---

[3] All subsequent references to a Rule herein are references to a Federal Rule of Civil Procedure.

When considering a Rule 12(b)(6) motion, the Court is generally "not permitted to go beyond the facts alleged in the complaint and the documents on which the claims made therein were based." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1424-25 (3d Cir. 1997) (alterations omitted). The Court, however, may consider "a document integral to or explicitly relied upon in the complaint," and the Court may consider "items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Id.* at 1426 (internal citations, quotations, and emphasis omitted); *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (citation omitted).

### III. DISCUSSION

Defendants move to dismiss primarily arguing (1) that Counts I, II, and III are preempted by the Securities Litigation Uniform Securities Act ("SLUSA"), 15 U.S.C. § 78bb, and (2) Count IV is untimely pursuant to Section 10(b)'s two-year statute of limitations. Defendants argue that Plaintiffs' Exchange Act claims are untimely because (1) the claims were filed after the applicable statute of limitations period ended and (2) Plaintiff forfeited any tolling of the statute of limitations period that was available pursuant to *American Pipe & Construction Co. v. Utah* (*American Pipe*), 414 U.S. 538 (1974). (Defs.' Moving Br. 1, ECF No. 26-1.) The Court discusses each of these arguments in turn.

#### A. Plaintiffs' NJ RICO Claims are Preempted by SLUSA

SLUSA provides:

> No *covered class action* based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging—
> (A) a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security; or
> (B) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 78bb(f)(1) (emphasis added). As relevant here, a "covered class action" is:

> [A]ny group of lawsuits filed in or pending in the same court and involving common questions of law or fact, in which—(I) damages are sought on behalf of more than 50 persons; and (II) the lawsuits are joined, consolidated, or otherwise proceed as a single action for any purpose.

15 U.S.C. § 78bb(f)(5)(B)(ii).

Defendants argue that the instant action is a "covered class action" in which "Plaintiffs' state law claims allege a misrepresentation or deceptive device in connection with a securities trade and [thus,] are preempted by SLUSA." (Defs.' Moving Br. 4-6.) Defendants aver that the Court has come to the previous conclusion regarding claims of violations of New Jersey's Racketeering statute ("NJ RICO") and the same result should apply here. *Id.* at 4 (citing *Hound Partners Offshore Fund, LP v. Valeant Pharm. Int'l, Inc.*, No. 18-8705, 2018 WL 4401731 (D.N.J. Sept. 14, 2018); *Discovery Glob. Citizens Master Fund, Ltd. v. Valeant Pharm. Int'l, Inc.* (*Discovery Global*), No. 16-7321, 2018 WL 406046 (D.N.J. Jan. 12, 2018)).

3

Plaintiffs oppose dismissal relying, in part, on briefing submitted in *2012 Dynasty UC LLC v. Valeant Pharmaceuticals International, Inc.*, No. 18-08595 (D.N.J. Dec. 10, 2018). (Pls.' Opp'n Br. 14.) Plaintiffs also argue that this matter and the *Valeant Class Action* "are quickly diverging . . . and are clearly no longer 'premised on the same factual and legal theories.'" (*Id.* (citing *Discovery Glob.*, 2018 WL 406046, at * 6).) Plaintiffs argue that they are pursuing claims against a smaller number of defendants—five defendants in this matter as opposed to twenty-two defendants in the *Valeant Class Action*. (*Id.* at 15.) Plaintiffs also argue that the matters involve different claims—plaintiffs in the *Valeant Class Action* assert claims under Section 11, 12(a)(2), and 15 of the Securities Act of 1933, and do not assert claims under Section 20A of the Exchange Act as Plaintiffs do in the instant matter. (*Id.*)

The Court finds that the instant matter is a covered class action and Plaintiffs' NJ RICO claims are preempted by SLUSA. As a threshold matter, to the extent Plaintiffs rely on the briefing in *2012 Dynasty*, the Court rejects those arguments for the same reasons articulated in the Court's Memorandum Opinion in that matter. *See 2012 Dynasty UC LLC v. Valeant Pharmaceuticals International, Inc.* (*2012 Dynasty*), No. 18-08595, 2018 WL 6492764, at *3 (D.N.J. Dec. 10, 2018) (stating "The Court disagrees with Plaintiffs' interpretation of SLUSA's state-law class-action bar, the definition of a covered class action, and the import of [*Cyan, Inc. v. Beaver County Employees Retirement Fund*, 138 S. Ct. 1061 (2018)].").

Plaintiffs' attempts to distinguish the instant matter from the *Valeant Class Action* are unpersuasive. Plaintiffs fail to acknowledge that the plaintiffs in the *Valeant Class Action* assert Section 10(b) claims against Valeant and the Individual Defendants for the same material omissions and statements at issue in this matter. (*Compare* Compl. ¶¶ 130-274, 141-394, 401-407, *with* FAC ¶¶ 133-228, 547-552.) Moreover, Plaintiffs have failed to offer any legal authority or substantive argument to show why, in a SLUSA analysis, the fact that Class Plaintiffs are pursuing more claims against a larger set of defendants is material, especially when Plaintiffs' claims so significantly overlap with the core of Class Plaintiffs' claims. As Defendants argue, Plaintiffs have already stipulated to the "substantial factual overlap between the allegations in this Action and the Class Action[.]" (Stipulation 2, ECF No. 23-1.) The Court, accordingly, concludes that the instant action is a covered class action that triggers SLUSA preemption.

### B.    Plaintiffs' Complaint is Untimely

"A statute of limitations defense is an affirmative defense that a defendant must usually plead in his [or her] answer." *Stephens v. Clash*, 796 F.3d 281, 288 (3d Cir. 2015). A statute of limitations defense can also be raised via a Rule 12(b)(6) motion "if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Id.* (quoting *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). The Court may only grant the instant motion "if the face of the complaint demonstrates that the plaintiff's claims are untimely." *Id.* (quotations and citations omitted). The Court may not shift the burden to the plaintiff "to plead, in a complaint, facts sufficient to overcome an affirmative defense." *Id.*

Section 10(b)(5) claims must be "brought not later than the earlier of—(1) [two] years after the discovery of the facts constituting the violation; or (2) [five] years after such violation." 28 U.S.C. § 1658(b). The limitations period for Section 10(b)(5) claims "begins to run once the plaintiff did discover or a reasonably diligent plaintiff would have 'discover[ed] the facts constituting the violation'—whichever comes first." *Merck & Co. v. Reynolds*, 559 U.S. 633, 653 (2010) (quoting 28 U.S.C. § 1658(b)(1)). The standard focuses on the "reasonably diligent

4

plaintiff" . . . irrespective of whether the actual plaintiff undertook a reasonably diligent investigation." *Id.* "A fact is not deemed 'discovered' until a reasonably diligent plaintiff would have sufficient information about that fact to adequately plead it in a complaint . . . with sufficient detail and particularity to survive a 12(b)(6) motion to dismiss." *Pension Tr. Fund for Operating Eng'gs v. Mortg. Asset Securitization Transactions, Inc.* (*Pension Trust Fund*), 730 F.3d 263, 275 (3d Cir. 2013) (quoting *Pontiac Gen. Emps.' Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169, 175 (2d Cir. 2011)).

Defendants argue that the statute of limitations period on Plaintiffs' Exchange Act claims began to run on October 22, 2015, when the first complaint in the *Valeant Class Action* was filed, or not later than the filing of the Class Complaint, on June 24, 2016. (Defs.' Moving Br. 7-9.) Defendants also argue that "[a]s a matter of law, reasonably diligent plaintiffs are aware of the filing of a class action bringing substantially similar claims to those they might bring . . . ." (*Id.* at 7 (citing *Pension Tr. Fund*, 730 F.3d at 275).) Defendants next argue that Plaintiffs would have discovered their claims by June 24, 2016, the day the Class Complaint was filed, because "even where earlier complaints brought claims based on purchases of different securities, they demonstrated that a reasonable plaintiff would have 'knowledge sufficient to draft a complaint . . . because a reasonable investor would read them and learn information about statements' violating securities laws." (*See id.* (quoting *F.D.I.C. v. Countrywide Fin. Corp.*, No. 12-4354, 2012 WL 5900973, at *1 (C.D. Cal. Nov. 21, 2012)).) Defendants aver that Plaintiffs' post-August 10, 2016 allegations do not change the trigger date for the statute of limitations. (*Id.* at 8.)

Plaintiffs oppose Defendants' statute of limitations argument on several fronts. (Pls.' Opp'n Br. 3-6.) First, Plaintiffs argue that the Court's previous rulings in three related matters establish that "for the purpose of calculating the statute of limitations, the complaints adequately plead that Defendants' massive fraudulent scheme was discovered, at least in part, on August 10, 2016, when the [Wall Street Journal ("WSJ")] partially revealed a criminal investigation into Valeant." (*Id.* at 4.) Next, Plaintiffs argue that "as a legal matter . . . . none of the public disclosures prior to the WSJ's August 10, 2016 article [(the "August 10 WSJ Article")] triggered the statute of limitations for Plaintiffs' fraud claims[,]" because after the publication of the article "the market learned the truth about Valeant . . ." (*Id.* at 5 (citing Compl. ¶ 14).)

Plaintiffs parenthetically cite *Alaska Electrical Pension Fund v. Pharmacia Corp.*, No. 03-1519, 2012 WL 1680097, at *1 (D.N.J. May 14, 2012), to ostensibly argue that it was not until August 10, 2016 and the publishing of the WSJ article that Plaintiffs had sufficient facts to plead the required scienter. (*Id.*) Plaintiffs also advance several arguments via footnote, including: (1) it would be inconsistent to apply one trigger date to Plaintiffs after applying another to other plaintiffs, especially in light of Defendants' SLUSA arguments, (2) in another related matter, the Court "explicitly refused to determine the date on which truth was revealed as a matter of law at the pleading stage[,]"; (3) there are several dates after August 10, 2016 which could be trigger dates; and (4) the filing of the Class Complaint on June 24, 2016 is not the trigger date because "[a] complaint can be filed early for any number of reasons unrelated to the substantive value of the claims." (*Id.* at 4-5 n.4-6, 8.)

Plaintiffs mischaracterize the Court's previous rulings. In *Lord Abbett Investment Trust-Lord Abbett Short Duration Income Fund v. Valeant Pharmaceuticals International, Inc.* (*Lord Abbett*), No. 17-6365, 2018 WL 3637514 (D.N.J. July 31, 2018), the Court determined that the two-year statute of limitations and five-year statute of limitations for certain causes of action

provided for by the Sarbanes-Oxley Act of 2002 ("SOX") applied to violations of the Exchange Act. The Court denied the defendants' motions regarding timeliness of the plaintiffs' Section 18 claims. *Lord Abbett*, 2018 WL 3637514, at *9. The Court applied this same reasoning in *Pentwater Equity Opportunities Master Fund Ltd. v. Valeant Pharmaceuticals International, Inc.* (*Pentwater*), No. 17-7552, 2018 WL 4401722 (D.N.J. Sept. 14, 2018); *Blackrock Global Allocation Fund, Inc. v. Valeant Pharmaceuticals International, Inc.* (*Blackrock*), No. 18-0343, 2018 WL 4401727 (D.N.J. Sept. 14, 2018); and *Senzar Healthcare Master Fund, LP v. Valeant Pharmaceuticals International, Inc.* (*Senzar*), No. 18-2286, 2018 WL 4401730 (D.N.J. Sept. 14, 2018). As Defendants point out, in *Lord Abbett*, *Pentwater*, *Blackrock*, and *Senzar*, the Court did not resolve when the statute of limitations began to run on the plaintiffs' Section 18 claims because the issue before the Court was whether the extended statute of limitations provided by SOX applied to the plaintiffs' claims. (Defs.' Reply Br. 3.) As stated in *Senzar*, the Court "assum[ed] all Section 18 claims accrued on or before August 10, 2016, [and concluded] the claims are timely under the SOX extended limitations period because they were filed on February 16, 2018." *Senzar*, 2018 WL 4401730, at *3. Thus, Plaintiffs' arguments regarding (1) the Court's previous ruling and, (2) potential inconsistences between the Court presently ruling on the trigger date for Plaintiffs claims in this matter are inapposite.

Plaintiffs' arguments regarding the August 10 WSJ Article fail. The Complaint does not disclose what information the article contained that Plaintiffs did not already know prior to the articles' publication other than that "Valeant was under criminal investigation by the DOJ regarding whether it defrauded insurers by concealing its relationship to Philidor and for a variety of other deceptive business practices[,]" and that Valeant "ha[d] been cooperating and continues to cooperate with the ongoing Southern District of New York investigation." (Compl. ¶ 282.) While Plaintiffs argue that the August 10 WSJ Article contributed facts that allowed Plaintiffs to plead the requisite scienter, this argument is undermined by the fact that the portion of the Complaint dedicated to pleading Defendants' Scienter contains no specific reference to the August 10 WSJ Article and the information contained therein. (*See id.* ¶¶ 291-354. *But see id.* ¶ 290 (incorporating Plaintiffs' pleading regarding the August 10 WSJ Article into the Scienter section of Plaintiffs' complaint by reference).)

In *Pension Trust Fund*, the Third Circuit considered whether a plaintiff's Securities Act claims were untimely given certain "storm warnings." *Pension Tr. Fund*, 730 F.3d at 277. The Third Circuit concluded that by the date a class action complaint was filed asserting claims "substantially similar" to the claims the *Pension Trust Funds* plaintiffs were asserting, a reasonably diligent plaintiff would have begun investigating. *Id.*

The Third Circuit then considered when a reasonably diligent plaintiff would have discovered the "untrue statements or the omissions" giving rise to the plaintiffs' complaint if that same reasonable plaintiff began investigating at the same time the class action complaint was filed. *Id.* at 278. The Third Circuit concluded that a reasonably diligent plaintiff would have taken two months to discover the untrue statements and omissions because two months was the same amount of time required for the *Pension Trust Fund* plaintiffs' consultant to complete his or her analysis. *Id.* at 279. The Third Circuit noted that at the time the class action complaint was filed the consultant would have had access to information and databases that would have allowed the consultant to discover the facts underlying the plaintiffs' claims. *Id.* The Third Circuit, accordingly, concluded that a reasonably diligent plaintiff would have discovered the untrue statements or omissions in November 2008. *Id.* Thus, the *Pension Trust Fund* plaintiffs' claims

were untimely because the complaint was filed in February 2010 and the applicable statute of limitation was one year. *Id.*

Here, the allegations set forth in Plaintiffs' Complaint suggest that by June 24, 2016, the day the Class Action Complaint was filed, a reasonably diligent plaintiff would have discovered the facts required to plead the Exchange Act claims Plaintiffs bring. On the whole, the Complaint mirrors the allegations set forth in the Class Action Complaint and at times copies the Class Action Complaint verbatim. More substantively, the Complaint alleges no fact absent from the Class Action Complaint that is required for Plaintiffs to plead their claims in the instant matter. Instead, the Complaint is replete with allegations regarding numerous news articles, press releases, public filings, and public statements that would have put a reasonably diligent Plaintiff on notice to start an investigation regarding the potential claims against Defendants. (Compl. ¶¶ 130-270.)

Inquiry notice is insufficient to trigger the statute of limitations for Securities Act claims. *Merck & Co.*, 559 U.S. at 653. However, when a complaint is filed alleging substantially similar claims as raised in the instant matter, a reasonably diligent plaintiff would have sufficient information about the facts necessary to adequately plead the requisite facts "with sufficient detail and particularity to survive a 12(b)(6) motion to dismiss." *Pension Tr. Fund*, 730 F.3d at 275. Here, the Court notes that the Section 10(b) claims asserted in the Class Action Complaint survived a motion to dismiss pursuant to Rule 12(b)(6). *See In re Valeant*, 2017 WL 1658822, at *1. At bottom, the face of Plaintiffs' Complaint suggests that a reasonably diligent plaintiff would have had enough facts to plead the instant claims with sufficient detail and particularity to survive a motion to dismiss by the time the Class Complaint was filed.

Defendants argue that by filing the instant action, Plaintiffs forfeited the tolling of the statute of limitations period that Plaintiffs might have otherwise benefitted from pursuant to *American Pipe*. (Defs.' Moving Br. 9.) Plaintiffs argue that the statute of limitations was tolled on October 22, 2015 pursuant to *American Pipe* and its progeny. (Pls.' Opp'n Br. 6.) The Court's assessment of the application of the statute of limitations to Plaintiffs' Exchange Act claims is limited to the facts alleged on the face of the Complaint. Out of an abundance of caution and recognition that Plaintiffs allege a complicated multi-year scheme with an abundance of facts and public statements by the defendants, the Court will allow Plaintiff to replead. The Court, accordingly, will not decide whether Plaintiffs may enjoy the benefits of *American Pipe* at this time.

The Court does not reach Defendants' remaining arguments. For the Court to consider Defendants' statute of repose arguments at this time, the Court must assume Plaintiff's Complaint was timely. The Court will not make such an assumption. Defendants' final argument is that Count V should be dismissed because Plaintiffs must prove a primary violation of the securities law and have not done so. (Defs.' Moving Br. 13, ECF No. 26-1.) Because this argument relies on the Court dismissing Plaintiffs' Exchange Act claims, and the Court does not do so at this time, the Court does not reach this argument.

## IV. CONCLUSION

For the reasons set forth above, the Court dismisses Counts I, II, and III as preempted by SLUSA. Based on the facts alleged in the Complaint, the Court finds that the trigger date for the statute of limitations on Plaintiffs' Exchange Act claims was June 24, 2016. Plaintiff's Complaint,

7

consequently, was filed after the two-year of statute of limitations expired. The Court grants Plaintiffs the opportunity to replead.

### V. ORDER

Based on the foregoing, and for other good cause shown,

**IT IS** on this _30th_ day of May, 2019 **ORDERED** that:

1. Defendants' Motion to Dismiss (ECF No. 26) is **GRANTED**.

2. By **July 1, 2019**, Plaintiff may file an amended complaint.

3. The Clerk of Court shall consolidate this matter into *In re Valeant Pharmaceuticals International, Inc. Securities Litigation*, Docket No. 15-7658.[4]

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[4] As the parties are aware, the Court will be appointing a Special Master in *In re Valeant Pharmaceuticals International, Inc. Securities Litigation*, Docket No. 15-7658. If Plaintiffs file an amended complaint and Defendants move to dismiss, the Special Master will review the motion in the first instance and issue a Report and Recommendation for the Court's consideration.